## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JERMAINE JEHVON HARDEN,

                Petitioner,                      Case No. 2:23-cv-12743

v.                                         Hon. Brandy R. McMillion
                                                United States District Judge

JEFF TANNER,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is Petitioner Jermaine Harden's ("Harden") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Harden challenges his conviction for first-degree criminal sexual conduct under Mich. Comp. Laws § 750.520b and Mich. Comp. Laws § 769.10 for (1) a violation of his constitutional right to a fair trial, (2) a denial of his due process rights resulting from the ineffective assistance of counsel, and (3) insufficient evidence to sustain his convictions. For the reasons that follow, the Court **DENIES** the petition for a writ of habeas corpus.

1

**I.**

In 2017, Harden was convicted following a jury trial in the Wayne County

Circuit Court.  The relevant facts of this case are best summarized and relied upon

by the Michigan Court of Appeals[1]:

> This case arises from a gang rape that occurred in 1997. The
> victim, then a 13-year-old girl, was walking home from school when
> she was abducted from the street by a man she did not know, dragged
> into an apartment building, and taken to a second-floor bedroom against
> her will. There, four to five men raped her. None of the men in the room
> spoke to the victim, but they worked together to hold her arms and legs
> down on the bed while each took turns raping her. She was later taken
> to a nearby trailer where another man raped her. Later, a sexual assault
> examination was performed, and a condom was found inside of the
> victim's vaginal canal and secured as evidence in a sexual assault kit.
> However, the kit was not examined by the Detroit Police Department
> until 2009. DNA testing was performed, and DNA found on the
> condom matched Harden's DNA. He subsequently was charged with
> first-degree CSC. At trial, the victim identified Harden as one of the
> men in the bedroom who raped her.

*People v. Harden*, No. 342992, 2020 WL 1285363, at *1 (Mich. Ct. App. Mar.

17, 2020).  The Michigan Supreme Court affirmed the conviction.  *See People v.*

*Harden*, 507 Mich. 868, 953 N.W.2d 402 (2021).  Harden then proceeded to file a

post-conviction motion for relief from judgment, which was denied by all levels in

the state judiciary.  *People v. Harden,* No. 17-008535-01-FC (Wayne Cnty. Cir. Ct.,

Feb. 16, 2022) (ECF No. 11-13); *reconsideration den.,* No. 17-008535-01-FC

---

[1] The facts are presumed correct on habus review pursuant to 28 U.S.C. 2254(e)(1).  *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

2

(Wayne Cty. Cir. Ct., Apr. 19, 2022) (ECF No. 11-14); *People v. Harden,* No. 361849 (Mich. Ct. App. Nov. 1, 2022); 988 N.W.2d 763 (Mich. 2023).

Harden now seeks a writ of habeas corpus. ECF No. 1. This case was originally assigned to the Honorable Jonathan J. C. Grey, then reassigned to the undersigned. *See Administrative Order* 24-AO-007. Harden request that this Court find that his conviction and sentence is in violation of his federal constitutional rights. ECF No. 1, PageID.15.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs writ of habeas corpus petitions only for claims that were adjudicated on the merits in state court proceedings. *See Bies v. Sheldon*, 775 F.3d 386, 395 (6th Cir. 2014); 28 U.S.C. § 2254. Under the AEDPA, courts shall not grant a writ of habeas corpus unless the adjudication of the claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Tolliver v. Sheets*, 594 F.3d 900, 915-16 (6th Cir. 2010) (quoting 28 U.S.C. § 2254(d)). To be eligible for federal habeas relief under § 2254, a state prisoner typically must first pursue the same

claims under the same theory in state court.  *Scott v. Houk*, 760 F.3d 497, 504 (6th Cir. 2014).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Jackson v. Cool*, 111 F.4th 689, 695 (6th Cir. 2024).  And a state court decision unreasonably applies federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts." *Slaughter v. Parker*, 450 F.3d 224, 232 (6th Cir. 2006) (citing *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000)).  In reviewing whether a state-court decision was "contrary to" or an "unreasonable application" of Supreme Court precedent, courts "look to the last reasoned state court decision" that adjudicated the relevant claim on the merits.  *See Mack v. Bradshaw*, 88 F.4th 1147, 1154 (6th Cir. 2023).

The Supreme Court has emphasized that "an unreasonable application of federal law is different from an incorrect application of federal law." *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Williams*, 529 U.S. at 410).  Thus, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Woods v. Etherton*, 578 U.S. 113, 116-17 (2016) (quoting *Harrington*,

4

562 U.S. at 101).   "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."   *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).   *Pro se* habeas corpus pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *See Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).   Nonetheless, the petitioner must prove his allegations by a preponderance of the evidence.   *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## III.

Harden's petition raises seven arguments.   Four arguments stem from his direct appeal: (1) a violation of the *ex post facto* clause, (2) ineffective assistance of trial counsel, (3) evidentiary errors, and (4) improper scoring of offense variables at sentencing.   *See* ECF No. 1, PageID.3.   The other three arguments arise from a motion for relief from judgment filed in the circuit court: (5) that he we denied his constitutional right to a fair trial due to a suggestive and improper identification photo lineup; (6) that he was denied his due process right to the effective assistance of trial and appellate counsel; and (7) that the DNA evidence used to convict him was insufficient.   *See* ECF No. 1, PageID.3, 22.

Respondent has answered in opposition to each of these arguments.   *See generally* ECF No. 10.   In addition, he argues that claims four, five, six and seven

are procedurally barred from this Court's review.  *See* ECF No. 10, PageID.174-179, 188-190, 203-205, 216-218.  The Court will therefore address this jurisdictional threshold issue before turning to the merits of Harden's other arguments.

## A.  JURISDICTIONAL BAR: WAIVER AND PROCEDURAL DEFAULT (CLAIMS 4, 5, 6 AND 7)

Respondent argues that Hardens claims for habeas relief are procedurally barred for two reasons.  First, Harden's fourth claim for review (improper scoring of offence variables) is barred because counsel waived this claim.  *See* ECF No. 10, PageID.174.   Second, Harden's fifth, sixth, and seventh claims (improper identification, ineffective assistance of counsel, and insufficient evidence coupled with procedural misconduct, respectively) are all barred because of Harden's failure to comply with Mich. Ct. R. 6.508(D) requiring that he raised these issues on direct appeal.

In the Sixth Circuit,

[a] habeas petitioner procedurally defaults a claim if: (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

*Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010).  A federal court may not review federal claims that have been procedurally defaulted based on an adequate and independent state procedural rule.  *See Davila v. Davis*, 582 U.S. 521, 527 (2017).  Consequently, to overcome a procedural default, a state prisoner must

6

demonstrate "cause" to excuse the procedural defect and "actual prejudice" if the federal court were to decline to hear his claim. *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The Court finds that Harden's fourth claim is waived and therefore not properly before this Court. Additionally, claims five, six, and seven are barred by the procedural default rule. Consequently, the Court lacks jurisdiction over these claims.

### 1.    Improper Scoring of Offence Variables at Sentencing (Claim 4)

#### a.    *Scoring of OV8*

Turning first to Harden's claim for improper sentencing, Respondents only addressed Harden's claims against the score determination under OV8. In the Response, the Respondent argues that because the Michigan Court of Appeals found that Harden's counsel waived any claim against the scoring variance applied during sentencing, his claim for habeas relief is meritless. *See* ECF No. 10, PageID.174. This Court agrees.

Generally, Harden's claim that the state trial court incorrectly scored or calculated his sentencing guideline range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review because errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Even so, when Harden

7

originally brough this claim before the Michigan Court of Appeals, the Court held his claim was waived from review based on the following exchange from the sentencing hearing:

| | |
|---|---|
| The Court: | All right. OV-8. |
| Mr. Trummer: | OV-8 we have scored at 15 because the victim was asported to another place of greater danger. |
| The Court: | You agree with that? |
| Mr. Weberman: | Yes, your Honor. |

*See* ECF No. 11-16, PageID.848; *see also* ECF No. 11-12, PageID.757.  That is a clear expression of satisfaction with the trial court's decision, which constitutes a waiver under Michigan law.  Because such waivers are recognized, independent and adequate state law grounds that do not rely on federal law, petitioner is barred from raising it under habeas review.  *See Jackson v. Romanowski*, No. 15-2399, 2016 WL 1458221, at *2 (6th Cir. Apr. 13, 2016)*; see also Shahideh v. McKee*, 488 F. App'x 963, 965 (6th Cir. 2012) (citing *People v. Carter*, 612 N.W.2d 144, 149 (Mich. 2000)).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Thus, this claim is not properly before this Court because it was waived.

      *b.*   *Scoring of OV10*

While Respondent does not address OV10 directly, it is also procedurally barred from review.  Harden argues that his guidelines were improperly scored for

predatory conduct because the trial court relied on speculation to reach its findings and impermissibly attributed the acts of co-offenders to him in scoring.  ECF No. 11-18, PageID.1209.

The Michigan Court of Appeals addressed the issue of whether there was a clear error in scoring OV10 when Harden was a part of the proffered abduction where the victim was transported, and he was lying in wait on the second-floor bedroom awaiting the delivery of the victim.  The court found that:

> [t]he evidence concerning the nature of the kidnapping, movement of the victim to a place of greater danger, coordinated imprisonment, and the teamwork among the rapists leads to the reasonable inference that Harden, and his cohorts, did not unexpectedly encounter the victim at their apartment door and then simultaneously and unanimously form the criminal intent to rape the victim.

ECF No. 11-16, PageID.847.  On this basis, the appellate court concluded the victim's testimony supported the trial court's conclusion of predatory conduct.  *Id*.

But even if this were incorrect, errors in the application of state sentencing guidelines cannot independently support habeas relief.  *See Kissner*, 826 F.3d at 904. A federal habeas court "may not issue [a writ] on the basis of a perceived error of state law."  *Sousa v. Warren*, No. 2:07-cv-14112, 2010 WL 3937163, at *11 (E.D. Mich. Sept. 30, 2010) (quoting *Pully v. Harris*, 465 U.S. 37, 41 (1984)).  Especially when the claim for relief rest on the bases of a sentencing guideline departure, which does not violate any federal due process rights.  *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000).

9

Thus, Harden's claim that the state trial court incorrectly scored or calculated his sentencing guideline range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review because it is solely based on state law. And because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See Mason v. Nagy*, No. 21-1040, 2021 WL 6502177, at *3 (6th Cir. July 27, 2021) (citing *Estelle*, 502 U.S. at 67-68). Therefore, Harden's claim for relief on the scoring of OV10 is also procedurally barred.

### 2.   Procedural Default Rule (Claims Five, Six, and Seven)

As for Harden's fifth, sixth, and seventh claims, this Court finds they are barred from review under the procedural default rule. *See Guilmette*, 624 F.3d at 290. All three claims were "reasonably available to counsel" at the time of his initial appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). And Rule 6.508 requires that a motion seeking relief from judgement not be granted if the defendant could have raised the issues alleged in the motion within a prior appeal or motion. *See* Mich. Ct. R. 6.508(D).

Here, Harden first filed a notice of appeal on March 12, 2018, on three grounds of relief, but failed to include the arguments now alleged in his fifth, sixth, and seventh claims. Instead, while the appeal of his conviction was working its way through the Michigan court system, he proceeded to file a motion for a new trial with

the district court.  The trial court found that Harden had not met his burden to show good cause for why these claims were not raised in the original appeal under Mich. Ct. R. 6.508(D) for a claim of relief from judgement.  All of the underlying facts necessary to bring those claims were available at the time Harden first appealed his conviction.  Therefore, claims five, six, and seven are procedurally defaulted.

## B.    VIOLATION OF EX POST FACTO CLAUSE (CLAIM 1)

Turning to the merits of Harden's remaining claims, Harden first argues that it was a violation of the *Ex Post Facto* Clause of the federal constitution for the State of Michigan to retroactively apply the revised statute of limitations statute to extend the limitations period in this case.  Not so.  The offense in this case took place in 1997.  At the time of the crime, the statute of limitations in Michigan for first-degree criminal sexual conduct was "within 6 years after the commission of the offense or by the alleged victim's twenty-first birthday, whichever is later."  *People v. Kasben,* 919 N.W. 2d 463, 464-65 (2018) (quoting MICH. COMP. LAWS § 767.24, *as amended by* 1987 PA 255) (quotation marks omitted).

On May 2, 2001, before the victim turned twenty-one years old, MICH. COMP. LAWS § 767.24 (1) was amended to indicate that a prosecution for first-degree criminal sexual conduct, "may be found and filed at any time."  *See* P.A. 2001, No. 6.  When the statute was amended, the statute of limitations for Harden's first-degree criminal sexual conduct charge had not yet expired.  Harden was not charged with

this offense until September 12, 2017, *see* ECF No. 11-1, PageID.242, and contends that prosecution for this offense was time-barred, because he was charged long after the victim had turned twenty-one years old.  *See* ECF 11-18, PageID.1199.

The *Ex Post Facto* Clause of the United States Constitution may be violated if a statute of limitations for criminal prosecutions is extended after it had already expired against a particular criminal defendant.  *See Stogner v. California,* 539 U.S. 607, 632-33 (2005).  However, the extension of a limitations period before that period has run does not violate the *Ex Post Facto* Clause.  *See United States v. Knipp*, 963 F. 2d 839, 844 (6th Cir. 1992).

The Michigan Legislature eliminated the statute of limitations for first-degree criminal sexual conduct prosecutions before the limitations period had expired on Harden's first-degree criminal sexual conduct charge.  Because the amended MICH. COMP. LAWS § 767.24 contains no statute of limitations for first-degree criminal sexual conduct prosecutions, Harden's first-degree criminal sexual conduct charge was not barred by the statute of limitations.  Therefore, Harden is not entitled to relief because there was no *Ex Post Facto* violation.

## C.    INEFFECTIVE ASSISTANCE OF COUNSEL (CLAIM 2)

Harden next argues that his trial counsel failed to challenge the chain of custody for the DNA that led to his conviction.  ECF No. 1, PageID.8.  And based on this, he is entitled to habeas relief – the Court disagrees.

12

Harden must satisfy a two-prong test to show that he was denied the effective assistance of counsel. First, the defendant must demonstrate that counsel's performance was so deficient that the attorney did not function as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. The defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Id.* at 689. Secondly, the defendant must show that such performance prejudiced his defense. *Id*. A defendant demonstrates prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The burden is on the defendant who raises a claim of ineffective assistance of counsel, and not on the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

Here, the Michigan Court of Appeals rejected this claim. *See* ECF No. 11-16, PageID.846 ("Because an objection to the admissibility of the sexual assault kit

13

would have been futile given that gaps in the chain of custody go to the weight rather than admissibility, harden has failed to establish that his counsel was ineffective for failing to object."). This Court concurs. Under Michigan law, a perfect chain of custody is not required to admit evidence and any gaps do not require automatic exclusion of the evidence. *Harden*, 2020 WL 1285363, at *2 (citation omitted).

"No precedent establishes that defense counsel must challenge the chain of custody [of evidence] or risk falling below the minimum requirements of the Sixth Amendment." *Cowans v. Bagley*, 639 F.3d 241, 252 (6th Cir. 2011). Therefore, any gaps in the chain of custody of the sexual assault kit would have gone to the weight of the evidence, not its admissibility. Counsel was not ineffective for failing to object to the admission of the evidence on this basis. *See Dell v. Straub*, 194 F. Supp. 2d 629, 653 (E.D. Mich. 2002).

Harden also claims that counsel was ineffective for failing to call an expert on eyewitness identification, but "no precedent establishes that defense counsel must call an expert witness about the problems with eyewitness testimony in identification cases or risk falling below the minimum requirements of the Sixth Amendment." *Perkins v. McKee*, 411 F. App'x 822, 833 (6th Cir. 2011); *see also Dorch v. Smith*, 105 F. App'x 650, 653 (6th Cir. 2004) (upholding as reasonable the Michigan Court of Appeals' conclusion that defense counsel's failure to call an expert witness on eyewitness identification counsel did not satisfy *Strickland*, because counsel

14

"presented several witnesses who testified as to [the habeas petitioner's] whereabouts on the weekend of the incident" and cross-examined the eyewitness regarding inconsistencies in his identification of the petitioner).   Furthermore, "[a]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).   A habeas court reviewing an ineffective assistance of appellate counsel claim must defer twice: first to appellate counsel's decision not to raise an issue and secondly, to the state court's determination that appellate counsel was not ineffective.  *Woods v. Etherton*, 578 U.S. 113, 119 (2016) (per curiam).  In affording that deference, this Court finds that Harden is not entitled to relief on his ineffective assistance of counsel claims.

## D.   EVIDENTIARY ERROR (CLAIM 3)

Finally, Harden claims that admission of the victim's testimony regarding her therapy was erroneous resulting in an improper admission that was irrelevant and prejudicial.  ECF No. 1, PageID.7.  Respondent argues that no error was made in the trial courts determination to admit the testimony that would warrant habeas relief. ECF No. 10, PageID.165-173.  The Court agrees.  There was no violation of the federal Constitution made by admitting this testimony at trial.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68

15

(1991).  A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.*  Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000).

Harden's claim that he was denied a fair trial by the admission of irrelevant and highly prejudicial evidence cannot form the basis for habeas relief, because it involves a state law evidentiary issue.  *See Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009).  The Sixth Circuit has found that "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012) (emphasis original).  "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court."  *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Longberger*, 459 U.S. 422, 434 (1983)).  Accordingly, the "mere existence of sufficient evidence to convict…defeats a petitioner's claim."  *Id.* at 788-789.

Here, the Michigan Court of Appeals concluded that the victim's testimony about being in therapy "gave context to the victim's inability to recall certain details

16

of the crime and the events that occurred after the crime." *Harden*, 2020 WL 1285363, at *3. This Court must defer to that determination. Therefore, Harden is not entitled to habeas relief on his third claim.

## IV.

When the district court enters a final order adverse to a habeas petition, it must issue or deny a certificate of appealability. Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). And when the Court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

Here, none of the above can be shown. The Court therefore denies Petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma*

*pauperis* on appeal, if he desires to appeal further. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V.

Accordingly, the Court **DENIES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus and **DENIES** a Certificate of Appealability. However, Petitioner is **GRANTED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: October 24, 2025          s/Brandy R. McMillion
     Detroit, Michigan          BRANDY R. MCMILLION
                           United States District Judge